1

2

3

4                              UNITED STATES DISTRICT COURT

5                                     DISTRICT OF NEVADA

6                                              * * *
                                                )
7    FARMER BROTHERS COMPANY,                    )
                                                )
8                   Plaintiff,                   )
                                                )              2:11-CV-01371-PMP-CWH
9    v.                                          )
                                                )                 O R D E R
10   RICK ALBRECHT,                              )
                                                )
11                  Defendant.                   )
     _____)

12

13          Presently before this Court is Plaintiff Farmer Brothers Company's ("Farmer Brothers")

14   Application for a Preliminary Injunction (Doc. #2), filed on August 24, 2011.  Farmer Brothers

15   initially filed an Ex Parte Application for a Temporary Restraining Order and an Order to Show

16   Cause Regarding Issuance of Preliminary Injunction; Request for Hearing on Shortened Time and

17   Request for Expedited Discovery (Doc. #2).  The Court held a hearing on the Motion on August

18   31, 2011, at which the Court denied Farmer Brothers' Ex Parte Application for a Temporary

19   Restraining Order and set a hearing for September 15, 2011 on Farmer Brothers' Motion for an

20   Order to Show Cause Regarding Issuance of Preliminary Injunction (Doc. #11).  Defendant Rick

21   Albrecht ("Albrecht") filed an Opposition to Application for Preliminary Injunction (Doc. #14) on

22   September 8, 2011.  Farmer Brothers filed a Reply (Doc. #17) on September 12, 2011.  The Court

23   granted the parties' Stipulation to Continue the Hearing (Doc. #20) and held a hearing on

24   September 29, 2011 (Doc. #21).

25   / / /

26   / / /

**I. BACKGROUND**

The parties are familiar with the facts of the case; therefore, the Court will repeat only those facts necessary to this determination.  On July 20, 2007, Albrecht began working for Farmer Brothers, a manufacturer of coffee products and equipment.  (Compl. ¶¶ 6, 13.)  Before beginning work, Albrecht entered into a Confidentiality Agreement with Farmer Brothers, which included a non-compete provision.  (Pl.'s Application for Prelim. Inj., Herrington Decl., Ex. 3.)  The non-compete provision prohibits Albrecht from revealing or using confidential information to "engage in any activities competitive" with Farmer Brothers for one year after termination, in the geographic area served by the Las Vegas office from which Albrecht was employed.  (Id.)  On March 23, 2011, Farmer Brothers terminated Albrecht's employment.  (Compl. ¶ 25.)

Farmer Brothers contends that while employed by Farmer Brothers Albrecht had access to confidential information relating to Farmer Brothers customers, including but not limited to the customers Albrecht personally serviced.  (Pl.'s Application for Prelim. Inj., Herrington Decl. ¶¶ 17-20.)  Farmer Brothers further contends that Albrecht used confidential information to solicit Farmer Brothers customers and to compete with Farmer Brothers.  (Pl.'s Application for Prelim. Inj., Siano Decl. ¶¶ 7-8, Ducsak Decl. ¶ 8, Herrington Decl. ¶¶ 20, 29-33.)  But Albrecht contends he had access to confidential information relating only to his five customers in Las Vegas.  (Def.'s Opp'n, Albrecht Decl. ¶¶ 26, 29.)  According to Albrecht, only one of the five customers, Expresso King, left Farmer Brothers to follow Albrecht, and Albrecht did not solicit that customer.  (Id.)  Albrecht stated that to access confidential information on Farmer Brothers' other Las Vegas customers, he needed permission from his supervisor, which Albrecht claims he never sought.  (Id. ¶ 29.)  Albrecht stated at the hearing that he currently services eight former Farmer Brothers customers.

As a result of Albrecht's competitive activities, Farmer Brothers has lost business and in one case had to accept a lower profit margin to retain the customer.  (Pl.'s Application for Prelim. Inj., Siano Decl. ¶¶ 7-8, Ducsak Decl. ¶ 8.)  Accordingly, Farmer Brothers filed this action

for breach of contract, breach of the implied warranty of good fair and fair dealing, intentional

interference with contracts, intentional interference with prospective economic advantage, and

violations of the Nevada Trade Secrets Act.  Farmer Brothers seeks to enjoin Albrecht from

violating the Confidentiality Agreement by competing with Farmer Brothers, misappropriating

confidential information, or soliciting Farmer Brothers customers.  Albrecht opposes a preliminary

injunction, arguing an injunction should not issue because (1) Farmer Brothers is unlikely to

succeed on the merits because the Confidentiality Agreement is unenforceable, and even so,

Albrecht has not violated the Agreement; (2) Farmer Brothers will not suffer irreparable harm; (3)

the balance of hardships favors Albrecht, not Farmer Brothers; and (4) issuing an injunction is not

in the public interest.

## II.  PRELIMINARY INJUNCTION

To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of

success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors

plaintiff, and (4) an injunction is in the public interest.  Winters v. Natural Res. Def. Council, Inc.,

555 U.S. 7, 20 (2008).  Additionally, "serious questions going to the merits and a balance of

hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so

long as the plaintiff also shows that there is a likelihood of irreparable injury and the injunction is

in the public interest."  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir.

2011).

### A.  Likelihood of Success on the Merits

Under Nevada law, non-compete provisions must be reasonable in duration and scope

to be enforceable.   Specifically, a one year duration and a geographic scope of the area serviced by

the former employee's office is reasonable.  Ellis v. McDaniel, 596 P.2d 222, 224 (Nev. 1979);

Hansen v. Edwards, 426 P.2d 792, 794 (Nev. 1967).

Farmer Brothers has shown a likelihood of success on the merits on its claim that

Albrecht violated the non-compete provision.  The non-compete provision is reasonable in duration

and scope because it is limited to one year and applies only to the geographic area served by Farmer Brothers' Las Vegas office. Farmer Brothers has presented evidence that Albrecht violated the non-compete; specifically, Albrecht possesses confidential information relating to Farmer Brothers customers, and Albrecht used confidential information to compete with Farmer Brothers. Although Albrecht argues he possesses confidential information relating only to the five Las Vegas customers he serviced, Albrecht does not deny he currently services one of those five customers, Expresso King. Therefore, Farmer Brothers can demonstrate a likelihood of success on the question of whether by servicing Expresso King, Albrecht has used confidential information to compete with Farmer Brothers. Farmer Brothers thus has demonstrated a likelihood of success on the merits of its claim that Albrecht violated the non-compete provision.

**B. Likelihood of Irreparable Harm**

Loss of customers or goodwill constitutes irreparable harm, so long as such loss is not speculative. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 841 (9th Cir. 2001); Colo. River Indian Tribes v. Town of Parker, 776 F.2d 846, 849-50 (9th Cir. 1985). In this case, Farmer Brothers has demonstrated a likelihood of irreparable harm caused by loss of customers and goodwill. Such loss is not speculative because Albrecht has solicited Farmer Brothers customers and currently services eight former Farmer Brothers customers.

**C. Balance of Hardships**

Farmer Brothers has demonstrated that the balance of hardships tips in its favor. Although an injunction would limit Albrecht's employment activities, the injunction would last less than one year and would restrict Albrecht's activities in the Las Vegas area only. By contrast, the hardship to Farmer Brothers is significant because Albrecht could divert customers and damage goodwill.

**D. Public Interest**

Issuing an injunction in this case is in the public interest because the public has an interest in enforcing contracts. Although the public also has an interest in promoting competition

4

in the marketplace, Nevada courts uphold reasonable non-compete agreements even though such agreements by definition restrain competition.  Jones v. Deeter, 913 P.2d 1272, 1275 (Nev. 1996); Hansen, 426 P.2d at 793.

**III. CONCLUSION**

IT IS THEREFORE ORDERED that Farmer Brothers' Application for a Preliminary Injunction (Doc. #2) is GRANTED to the following extent:

> For one year after Albrecht's termination from employment with Farmer Brothers and in the geographical area served by Farmer Brothers' Las Vegas, Nevada office, Albrecht shall not engage in competitive employment or activities in an individual or representative capacity with Farmer Brothers customers that Albrecht personally serviced while employed by Farmer Brothers.

IT IS FURTHER ORDERED that this Order shall remain in full force and effect for one year from Albrecht's termination from employment with Farmer Brothers, that is through March 23, 2012.

IT IS FURTHER ORDERED that Farmer Brothers shall secure this Preliminary Injunction by posting a bond in the amount of $5,000.00 with the Clerk of Court on or before October 24, 2011.

IT IS FURTHER ORDERED that Plaintiffs' Requests for a Preservation Order and Expedited Discovery (Doc. #2) are hereby DENIED due to Farmer Brothers' failure to offer evidence in support of its requests.

DATED:  October 4, 2011

_____
PHILIP M. PRO
United States District Judge